### HOWARD v. HENDERSON.

1. Under a deed executed in 1873, whereby A. conveyed his homestead to B., in trust for A. for life, with remainder to C. (a married woman) for life, with contingent remainders over, the legal estate was vested in A. during his lifetime, by operation of the statute of uses.

2. It is only where the estate is intended for the sole use and benefit of a married woman, free from the debts and control of her husband, that the statute does not execute the use by reason of there being a trust declared for a married woman; but there can be no such intention in this deed as it was executed subsequent to the constitution of 1868, which secures a married woman's property to her own exclusive use.

3. The legal title remains in the trustee, in order to protect contingent remainders, only where the deed shows that such was the purpose of interposing a trustee.

4. Where, in the same instrument, estates are conveyed to a trustee in trust for different parties, the statute may execute the use in one case and not in the other.

---

Before HUDSON, J., Aiken, March, 1882.

This was an action by William S. Howard, Sr., against J. R. Henderson and J. F. Henderson, commenced in September, 1881, to recover the rents of the tract of land described in the deed, which is stated in the opinion of this court. J. R. Henderson died pending action, and his administrator answered,

raising no issue of title.   J. F. Henderson claimed to be the lessee of W. S. Howard, Jr., and, therefore, that he owed no rent to the plaintiff.   The main issue in the case was whether the legal title was in W. S. Howard, Sr., or in W. S. Howard, Jr.   Upon that point, his Honor charged the jury as follows :

The plaintiff contends that it is a deed of such purport as to confer upon the *cestui que use,* W. S. Howard, Sr., a legal estate for life, and not an equitable estate, *i. e.,* that the use is executed by the statute in such case made and provided.   The defendant, Henderson, on the contrary, insists that the legal estate vested thereby in the trustee, W. S. Howard, Jr., still abides in him, and for the purposes of the trusts or uses must continue to so abide in him.   Therefore he insists that W. S. Howard, Jr., rightfully leased the premises to him for the year 1881, and that to him as his landlord he is alone responsible for rents.

I concur in the construction of the deed contended for by the defendant, J. F. Henderson.   The consideration of the deed is chiefly the love and affection of the grantor for the wife and children of his son, W. S. Howard, Jr., and their welfare is the leading object of the deed.   The courts have generally held that the statute does not execute a use for the benefit of a married woman, nor in a case where the preservation of contingent remainders is necessary, nor where future duties are devolved upon the trustees.   Nearly all these features appear upon the face of this deed, and to execute the use so as to confer a legal estate on W. S. Howard, Sr., for life would evidently be dangerous to, if not destructive of, the estates in remainder, the leading one of which is for a married woman for life.

I hold, therefore, that the legal estate in this land is, under this deed, in the trustee, and in the beneficiaries only an equitable estate, until in the contingent remaindermen the entire estate in fee with the rights of possession shall fully vest.

It is the duty, however, of the trustee to suffer the life-tenant to occupy, use and enjoy the premises during his life, so long as the same can be done consistently with the welfare of the life-tenant, and the preservation of the property for the remaindermen, and this use and enjoyment would be secured to the life-tenant by a court of equity, if necessary.   Furthermore,

should the life-tenant remove from the premises or abandon the same, and the trustee, from these or any other good causes, sees fit to lease the premises, he would be bound to account to the life-tenant for full, fair and reasonable rents and profits; and to enforce such accounting, the court of equity is always open to the *cestui que use*. In the event, however, that the trustee should, for good cause appearing to him, lease the premises to any one whilst the same are not occupied by the *cestui que use*, then the *cestui que use* can bring no action at law against such a tenant of the trustee for rent nor for use and occupation, because there is no contract betwixt them, either express or implied. The trustee alone has the right of action upon the lease, and the remedy of the *cestui que trust* is against the trustee, and in an equitable action. To such an action, he might, if needs be, make the tenant a party.

The exceptions, so far as they relate to matters considered by this court, raise, in several forms, the one question: Whether the legal title under this deed was in W. S. Howard, Sr., or in W. S. Howard, Jr.

*Messrs. Croft & Dunlap, P. A. Emanuel,* for appellant.

*Messrs. Henderson Bros.,* contra, cited 1 *Ves.* 485; 2 *S. C.* 133; 4 *McC.* 456; 1 *Hill* 414; 10 *S. C.* 386; 16 *Id.* 545; 3 *Id.* 100; 1 *Spears* 366, 591; 7 *Rich.* 81.

October 25th, 1882. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This action was brought by the plaintiff, appellant, to recover the rent for the year 1881 of a certain tract of land in Aiken county, of which the appellant claimed to be the legal owner. The defendants, respondents, denied the title of the appellant, and alleged that W. S. Howard, Jr., as trustee of appellant, was the legal owner of the land, and that the rent was due to him instead of to the appellant. Although several other questions were raised in the progress of the case, yet the question of title was the main question, and the solution of this question depended upon the con-

struction of a deed, introduced in evidence by the defendants, of which the following is a copy:

"This indenture, made the 28th day of October, in the year of our Lord eighteen hundred and seventy-three, between William S. Howard, Sr., of the county of Aiken, and State of South Carolina, of the first part, and William S. Howard, Jr., of the county and State aforesaid, as trustee, as hereinafter set forth, of the second part, witnesseth, that the said party of the first part, for and in consideration of the love and affection he has for Mrs. Georgia V. Howard, wife of the said Wm. S. Howard, Jr., and her children, as well as in consideration of the sum of ten dollars to him in hand well and truly paid by the said party of the second part, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, released, conveyed and confirmed, and by these presents does grant, bargain, sell, release, convey and confirm unto the said party of the second part, his successors and assigns, all that lot of land lying in said Aiken county, bounded    *    *    *    containing two hundred and fifty acres, more or less, and being the homestead or residence of W. S. Howard, Sr., in trust, nevertheless, for the use, benefit and behoof of the said William S. Howard, Sr., during the term of his natural life, with remainder at his death to the said Georgia V. Howard, during the term of her natural life, and upon her death to such child or children of the said William S. Howard, Jr., and the said Georgia V. Howard, as may be living. Together with all and singular, the rights, easements, ways, members and appurtenances to the said lot of land being, belonging, or in any wise appertaining, and the remainders, reversions, rents, issues and profits thereof, and every part thereof. To have and to hold the said lot of land, and all and singular the premises and appurtenances thereunto belonging as aforesaid, and every part thereof unto the party of the second part, his successor in trust, and assigns forever, for the uses and upon the trusts hereinbefore mentioned," concluding with the usual warranty.

The defendants relied upon this deed as conveying the legal title to the land in question to the trustee, W. S. Howard, Jr.,

and, inasmuch as the defendant, J. F. Henderson, had rented the said land for the year 1881 from W. S. Howard, Jr., as trustee, by written lease, which was introduced in evidence, they claimed that the action of the plaintiff could not be sustained. On the other hand, the plaintiff also relied upon this deed, contending that the use provided for in the deed had been executed by the statute, and a legal estate for life had thereby been conferred upon W. S. Howard, Sr., the plaintiff, and that he was, therefore, entitled to his action. The presiding judge concurred in the construction contended for by the defendants, and charged the jury to that effect. Under this charge the jury found for the defendants.

The leading question in the case, as has already been stated, arises upon the construction of the deed of appellant, W. S. Howard, Sr., to his son, W. S. Howard, Jr., above referred to. We think, upon the authority of the cases hereinafter cited, that the judge was in error in his construction of this deed. In our opinion, the statute 27 Henry VIII., executed the use and transmitted a legal estate for life to the appellant, W. S. Howard, Sr., in the land in question. *McNish* v. *Guerard*, 4 *Strob. Eq.* 66; *Ramsay* v. *Marsh*, 2 *McC.* 252; *Bouknight* v. *Epting*, 11 *S. C.* 76.

In *McNish* v. *Guerard, supra,* the conveyance was to John McNish "to have and to hold in trust for the aforesaid children [naming them], and such other children as may be born of the body of Ann McNish, and to be divided among them equally, \* \* \* and until such division, to be occupied and used entirely and especially for the maintenance and support of the aforesaid children." The court, after a careful review of the authorities and the principles applicable to such cases (Chancellor Johnston delivering the opinion), determined that the legal estate in the land, by virtue of the statute of uses, vested, not in John McNish, the trustee, but in the existing children named in the deed, subject to open and admit such other children as Mrs. McNish might have.

In the case of *Ramsay* v. *Marsh, supra,* Col. Laurens by his will devised to Dr. Ramsay and wife all his lands at Long Cane, &c., to hold the same to them and their heirs in trust to and for

the use and behalf of his granddaughter, Francis E. Laurens, during her life, and in case she should have a child or children, or grandchild or children, living at her death, then he devised the same to such child and to their heirs forever. The court held that the legal estate vested by the statute of uses in the *cestui que use.*

In the case of *Bouknight* v. *Epting, supra,* the terms of the deed were, * * * " In consideration of the sum of $800 to me paid by John Chapman, * * * have granted, bargained, sold and released unto the said John Chapman, for his daughter Elizabeth, wife of George Epting, a certain tract of land, containing, &c., to have and to hold all and singular the premises before mentioned unto the said Elizabeth Epting, wife of George Epting, daughter of the above named John Chapman, her heirs and assigns forever." The court held (Mr. Justice McIver delivering the opinion), that the statute executed the use and that the legal title passed to Mrs. Epting.

The general rule is, as extracted from these and numerous other cases cited and discussed therein, in the language of Mr. Justice McIver : " That where land is conveyed to one for the use of another, or in trust for the use of another, and the person to whom the conveyance is made (the trustee), has no duties to perform, or where there is nothing for him to do requiring that the legal estate shall remain in him in order to enable him to do what is required, there the statute executes the use and the legal estate passes to the person for whose use the grant or conveyance was made." *Bouknight* v. *Epting, supra* 75. Or, as was said in *Jenney* v. *Laurens,* 1 *Spears* 356, " a use will be executed unless the purpose of creating it would be defeated by the execution, as in cases of trusts for married women, or to preserve contingent remainders, or where the trustee has some discretion to be exercised in relation to the estate or the manner of applying the proceeds."

The usual test applied is the latter branch of the above rule, to wit, whether the trustee has been invested with discretion to be exercised in relation to the estate, or the manner of applying the proceeds. If he is directed to receive and pay over rents and proceeds to the *cestui que trust,* then the legal estate remains

with him so as to enable him to perform this duty. If, however, under the deed, the *cestui que trust* can act for himself in this matter, there being no necessity for a trustee, the use is at once executed, such being presumed to be the intention of the parties.

Now if the deed before the court is tested by this portion of the rule, there can be no reasonable doubt as to its construction. No direction whatever is given to the trustee as to the rents and profits of the land. He is not required either expressly or impliedly to collect and pay them over. He is not charged with any duty whatever in reference thereto. In fact, the implication derived from the circumstance that the land conveyed was the homestead and residence of the grantor, W. S. Howard, Sr., is that he was still to remain in possession during his life, enjoying the rents and profits as formerly.

The Circuit judge, however, bases his ruling upon the idea that the trusts created were in part at least for a married woman, Mrs. Georgia V. Howard, and also that contingent remainders were created for such of her children as might survive her, for the preservation of which a trustee, invested with the legal title, was necessary. In order to prevent the statute from executing the use in such cases, it must appear, first, as to a married woman, that the estate conveyed was a separate estate intended for her sole use and benefit, free from the debts and all control of her husband, and, secondly, as to preservation of contingent remainders, the terms of the deed must show that such was the purpose of interposing a trustee.

In the case of *Bouknight* v. *Epting, supra,* the deed was for the benefit of a married woman, and yet the court held the trust executed, there being nothing in the terms of the deed indicating a purpose to create a separate estate in Mrs. Epting. This was distinctly held necessary in that case to prevent the operation of the statute. Mr. Justice McIver, in discussing that question, says with great force: "It cannot be claimed that it was necessary in order to preserve the separate estate of the wife, for, as we shall presently see, no such estate is provided for in the deed, so that there is nothing in the fact that the conveyance is nominally made to a third person for the use of the wife." Chancellor

Dunkin, in *Wilson* v. *Bailer*, 3 *Strob. Eq.* 260, in considering the same question, said : " The absolute terms in which the property is given to the wife, or the amplitude of her enjoyment, has never been deemed sufficient to create a separate interest in derogation of the common law right." He proceeds, further, to say : " The implication is, however, necessary when the estate is declared to be for the sole and separate use of the wife, although the words independently of her husband, or without the control of her husband, are not superadded."

Now there are no words in the deed under consideration which could possibly be construed as indicating a purpose to create a separate estate in Mrs. Howard. A life estate is first conveyed for the " use, benefit and behoof " of William S. Howard, Sr., with remainder at his death to the said Mrs. Howard, during her natural life, not even for the sole use and benefit of Mrs. Howard, but simply with remainder to her. These terms fall far short of creating a separate estate, and, under the ruling of *Bouknight* v. *Epting*, would have presented no obstacle to the operation of the statute of uses, even before the adoption of the constitution of. 1868, with the provision therein in reference to the estates of married women.

The deed under consideration, however, was made in 1873, long after the adoption of the constitution of 1868. Section 8, Article XIV., of that instrument makes all property acquired by a married woman, after her marriage, a separate property. So that this deed could not have been intended primarily to create an estate of that sort. The constitution had this effect without any express intention to that end in the terms of the deed itself. The deed then must have been used simply as a mode of conveyance by which the legal title was vested in Mrs. Howard through the operation of the statute, protected and shielded to her by the constitution, although possessed of the legal title.

But the question at last, in this case, is not as to the character of the estate of Mrs. Howard, but that of W. S. Howard, Sr., the plaintiff. Where estates are conveyed to different parties in the same instrument, the statute may execute one and not the other. In the case of *Williman* v. *Holmes*, 4 *Rich. Eq.* 476, an

estate was granted in trust " for the sole use, behoof and benefit " of a married woman, Mrs. Davidson, for and during the term of her natural life, with remainder after her death. The court held that this was a separate estate for life in Mrs. Davidson, which the statute on that account did not execute; but that the remainder was executed, and although the fee was conveyed in terms to the trustees, the apt words to that end, to wit, to " their heirs and assigns forever " being used, yet the estate in the trustees was cut down to an estate *per autre vie* under the principle that the law will not permit the trustees to take a larger legal estate than is necessary to the performance of the executory trusts conferred upon them, it being an established rule, as was said by the court, " that trustees shall hold legal estates commensurate only with the necessities of the trusts. If the estate given to them is deficient, it will be enlarged by implication; if in excess, it will be cut down by the operation of the statute of uses, and such excess will pass to those in remainder."

So that whatever may be the proper construction of this deed in reference to the application of the statute of uses on the estates of Mrs. Howard and the children in remainder, there is no reason why it should not execute the estate of W. S. Howard, Sr., the plaintiff, vesting in him a legal estate for life, the fee possibly remaining in the trustee for the benefit of the married woman, and for the preservation of the contingent remainders to the children.

It does not follow, however, that because the remainders to the children are contingent remainders, the statute of uses could not apply. In the case of *Faber* v. *Police*, 10 *S. C.* 385, this very question was discussed, and the conclusion reached, sustained by a well-considered opinion and abundant authority, that notwithstanding the contingency of the remainders, yet the estate was executed in the life-tenant. That case was very similar to this, except that there was no married woman involved. It was a devise in trust for the use of A. during his life with contingent remainders over. The court held that under the statute of uses the legal estate vested in A.; that although the remainders provided for were evidently contingent, yet there being nothing in the terms of the will showing that

the trust created to preserve these contingent remainders, such a trust could not be implied. In answer to the argument, that such an implication should arise on account of the contingency of the remainders, Mr. Justice McIver, who delivered the opinion of the court, said : " We know of no authority for such a position, and none have been cited. We are at a loss to conceive by what right a court could undertake to add to the words of a will, by which additional trusts to those which the testator has seen fit to declare, should be raised."

In our opinion, the use to W. S. Howard, Sr., was executed by the statute, through the operation of which he became the legal owner of the land in question for life. It will not be necessary to discuss the other questions raised in the appeal, as they all, more or less, hinge upon the matter herein above.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and that the case be remanded.