REP.] April Term, 1886.

## MOSELEY v. HANKINSON.

### SAME v. SAME.

1. Parties in possession of land under a deed reciting a sale under order of the court, and showing the approval of its officer as required by the order, are bound by these recitals, without proof of the record under which the sale was made.

2. Where a married woman (in 1845) executed a deed of conveyance of her land under the express order of the Court of Equity, it was not necessary to a conveyance of her interest therein that she should renounce her inheritance as prescribed by statute in cases where she joined her husband in a conveyance.

3. A married woman's signature to a petition asking the court to authorize her trustee to sell land settled to her separate use, and her signature to the deed conveying such land, is sufficient evidence of her assent to the settlement.

4. The decision of the court on the former appeal in this case (22 *S. C.*, 323) stated.

5. Purchasers of the interest of a life tenant do not hold adversely to the remaindermen until the life estate terminates.

6. Defendants could not mature title by adverse possession against the remaindermen through the trustee, as he did not hold for the remaindermen, and as he could not maintain action for the recovery of the land during the life-time of the life tenant whose interest the defendants had purchased.

Before PRESSLEY, J., Aiken, September, 1885.

These were actions by certain remaindermen to recover two tracts of land sold under order of the Court of Equity in 1845, in a proceeding to which none of the remaindermen were parties, although some of them were then *in esse.* See 22 *S. C.*, 323.

*Mr. G. W. Croft*, for appellants.

*Messrs. Henderson Bros.*, contra.

October 11, 1886. The opinion of the court was delivered by

MR. JUSTICE MCIVER. These two cases, growing out of the same state of facts substantially and involving the same principles, were heard and will be considered together. This is the second appeal, and for a full statement of the facts reference may

be had to the cases as reported in 22 *S. C.*, 323. The evidence submitted at the last trial was substantially the same as that offered at the first trial, but in addition to this testimony was adduced tending to show "that Milledge Hankinson for more than twenty years after the date of his deed and before the death of Rebecca Moseley, at various times in each year cut wood and cross-ties and hauled them to the railroad; that in this period none of the plaintiffs were in possession of the land, and that the defendants were at the time of the trial still in possession. There was also evidence that Stanley Hankinson (one of the defendants) soon after the trial first took possession of two hundred acres of the land and made some improvements upon the same. He took a deed on the 10th of September, 1885, from Milledge Hankinson for the two hundred acres in his possession."

The jury rendered verdicts for the plaintiffs, and the defendants appeal upon the following grounds, omitting the first and the seventh, which were abandoned at the argument here:

"2. Because his honor erred in ruling that it was not necessary for the plaintiffs to make proof of the judgment under which the trust deed to William Fortune was made.

"3. Because his honor erred in ruling that it was not necessary to make the deed to Fortune good that Rebecca Moseley should have renounced her inheritance thereon.

"4. Because his honor erred in charging the jury that Rebecca Moseley consented to the decree of settlement would be inferred from her having signed the deed.

"5. Because his honor erred in charging the jury that the deed from the trustee conveyed only the life estate of Rebecca Moseley, and that at her death her children then living took a good title to the property in 1881.

"6. Because his honor erred in charging the jury that the 'possession of the defendants is presumed to be in accordance with his title, and that title was for the life estate of Rebecca Moseley;' whereas the title to the defendant was in fee, and he should have been presumed to hold in accordance to his own deed, and not in accordance with the trust deed.

"8. Because his honor erred in refusing to charge the defendants' 1st, 2d, 3d, and 4th requests."

There can be no doubt that the defendant, Milledge Hankinson, acquired title to, and went into possession of, the land in controversy under the deed from the trustee, William Fortune, and, therefore, upon well settled principles neither he, nor the other defendants claiming under him, are in a position to dispute the title of Fortune; and there is as little doubt that this court has already determined that such deed could only convey the interest of Rebecca Moseley, and could not divest the rights of the plaintiffs as remaindermen under the deed of settlement, as it is called, because they were not parties to the proceedings under which the trustee was authorized to make said deed. Now, however, the deed of settlement itself is assailed upon two `grounds, as we understand it. 1st. Because there was no proof of the judgment of the court authorizing it. 2d. Because there was no renunciation of inheritance by Rebecca Moseley, a married woman. Even if the defendants were in a position to assail this deed, constituting, as it does, the foundation of the title under which they entered, we do not think that either of the objections raised to it can avail them. The recitals in the deed setting forth the proceedings for the partition of the real estate of Rebecca Moseley's father, giving *in haec verba* the language of the decree directing the settlement, and expressly ordering "that the said parties execute deeds to be approved of by the commissioner of this court to proper persons as trustees, for the purpose of effecting the said settlements hereby ordered," followed up by the approval of that officer endorsed upon the deed, certainly superseded the necessity for the introduction of the record of those proceedings, at least so far as the parties and their privies were concerned (*Sims* v. *Meacham*, 2 *Bail.*, 101; *Polson* v. *Ingram*, 22 *S. C.*, 541), and the defendants claiming under this deed of settlement are bound by its recitals. The second ground of appeal cannot therefore be sustained.

The second objection to the deed of settlement—the want of any renunciation of inheritance—does not impeach its validity *in toto*, but goes only to its effect. Appellants contend that in the absence of a renunciation of inheritance, the estate conveyed was only for the life of the husband, James Moseley, and that upon his death in 1861, Rebecca Moseley's right to the pos-

session revived, and the defendants having been in possession adverse to such right for more than ten years have acquired a title by adverse possession. It is quite true that, under the law as it then stood, to bar a married woman of her estate of inheritance, a strict compliance with the statutory provisions enabling her to do so was necessary, as is shown by the cases of *McLaurin* v. *Wilson*, 16 *S. C.*, 402, and *Wingo* v. *Parker*, 19 *S. C.*, 9. But the act of 1795, by its express terms, applies to a case where a married woman "entitled to an estate of inheritance in real estate may be desirous of joining her husband in conveying away the fee simple of the same to any other person," and was never intended to interfere, and, so far as we know, was never supposed to interfere, with the power of a Court of Equity to order the sale of the real estate of married women as well as all others, when a proper case is made for that purpose. Any other view would not only invalidate all titles acquired under deeds settling the property of married women, as in this case, but also titles acquired under sales for partition where married women were interested.

The fact that the deed in this case was signed by the married woman, instead of by the officer of the court, as in case of sales for partition, cannot alter the case; for this was done under the order of the court, which, as we have seen, expressly required "that the said parties execute deeds," &c. It was therefore the act of the court itself, as much so as if the deed had been signed by the commissioner. That the court had the power, in the absence of any statute to the contrary, to direct any person to make a sale or conveyance ordered by it, may be seen from the cases of *Meetze* v. *Padgett*, 1 *S. C.*, 127, and *Adams* v. *Kleckley*, *Ibid.*, 142. We agree, therefore, with the Circuit Judge that there was no necessity for a renunciation of inheritance.

So, too, we agree with him that the fact that she signed the deed was sufficient evidence of her assent to the settlement. And when to this is added the further fact that she was a party to the petition in which the court was asked to authorize the trustee to sell the land conveyed to the trustee by the deed of settlement, and that she endorsed upon said petition her request in writing for an order authorizing the trustee to sell her interest in the

lands, we do not see what further evidence of her assent to the settlement could have been demanded. *Graydon* v. *Graydon, McMull. Eq.,* 63.

The fifth ground of appeal cannot be sustained. The Circuit Judge did not charge the jury as is there imputed, but he instructed them that if they came to the conclusion that there were children of Mrs. Moseley in existence at the time the petition for the sale of the land was filed, then the deed from the trustee could only convey the life estate of Mrs. Moseley, and that was precisely in accordance with the former decision of this court in these cases.

We see no foundation for the charge of error imputed to the Circuit Judge in the sixth ground of appeal. If, as we have seen, the deed from the trustee, though purporting to convey the fee, could only in fact convey the life estate of Mrs. Moseley, then it follows necessarily that that was the only title which defendants could take, and having acquired possession under that title they must be presumed to hold possession under that title, and that possession being rightful so long as Mrs. Moseley lived, it, of course, could not become adverse until after her death.

It only remains to consider the eighth ground of appeal which imputes error to the Circuit Judge in refusing certain requests to charge, set out in the "Case" as follows:

"1. That Rebecca Moseley having never renounced her inheritance on the deed to Fortune, such deed only conveyed the land in question to Fortune during the life of James Moseley.

"2. That upon the death of James Moseley, Rebecca Moseley became *sui juris,* and if the jury find that the defendant, Milledge Hankinson, remained in open, continuous, and adverse possession of the land in dispute for upwards of ten years after the death of James Moseley, and during that period Rebecca Moseley did not bring her action to recover the land, then she and those now claiming under her are barred by the statute of limitations.

"3. That if the jury find that the plaintiffs, or Rebecca Moseley, under whom they claim, have not been seized or possessed of the premises mentioned in the complaint within ten years before the commencement of this action they cannot recover.

"4. That if the jury believe that Milledge Hankinson, since

the date of the deed from Fortune to him, held the premises described in the complaint for the period of ten years and upwards before the commencement of this action, and that his possession was open, notorious, continuous, and adverse, then the trustee would be barred by the statute of limitations, and so would the beneficiaries under the trust deed, and in that case the verdict should be for the defendants."

The first request contains and is based upon a proposition which has already been rejected, and the second, which is based upon the first, must fall with it.

The third request is disposed of by the provisions of section 101 of the Code, which in express terms declares: "In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time required by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appears that such premises have been held and possessed adversely to such legal title for ten years before the commencement of such action." Now, as the plaintiffs have, as we have seen, established their legal title, they must, under the terms of the section just quoted, be presumed to have been in possession within the time required by law, and hence the Circuit Judge properly refused to charge as requested by the third request; for as the plaintiffs' right of action could not arise until the death of Rebecca Moseley in 1881, we do do not see how the defendants could set up any possession adverse to such right. Up to that time their possession was lawful and could not be disturbed by any one. Adverse possession necessarily presupposes a trespass upon the rights of the lawful owner, and certainly the defendants could not be regarded as trespassers until after the death of Mrs. Moseley.

So, too, we think the fourth request was properly refused; for, to say nothing of the fact that the trustee was not a trustee to hold for the plaintiffs, but that by the terms of the deed the trust was simply to convey to them upon the termination of the life estate, we do not see how it could be said that the trustee was barred by the statute of limitations. He certainly could have

had no right of action against the defendants until the termination of the life estate in 1881, even if then, and since that time the statutory period has not run out. So that we do not see how, in any view of the case, the plea of the statute of limitations. could avail the defendants.

The judgment of this court is, that the judgment of the Circuit Court, in each of the cases above stated, be affirmed.