## WIETERS v. TIMMONS.

1. Where a grantor conveyed land to C. in trust to hold the same during the life of the grantor,. for the support and maintenance of his wife and her issue, he to be allowed by the trustee to receive and appropriate the income to that end, the trust was not executed during the life of the grantor.

2. Upon the death of the grantor the trustee was to hold as to the one moiety to the sole and separate use of the grantor's widow for life, with remainder to his issue, and as to the other moiety to the use of such issue and their heirs forever. *Held,* that upon the death of the grantor the trust was executed as to one moiety in the issue (his two sons) who survived him, but was not executed as to the other moiety in the widow.

3. Power of sale given to the trustee upon the written request of the widow, if she survived the grantor, could not have been intended to apply to the moiety of the two sons after it vested absolutely in them, at the death of the grantor.

4. The interest of one of these sons having been sold under execution after the grantor's death, the purchaser was entitled to have a partition.

5. Upon the death of a trustee, the legal title to the land held in trust devolves upon his eldest male heir.

Before HUDSON, J., Marion, July, 1885.

This was an action that involved the construction of the following deed:

Know all men by these presents that I, J. Morgan Timmons, of the District of Darlington, in the State aforesaid, for and in

consideration of the love and affection I have toward my wife, Josephine B. Timmons, and with the view to secure to my said wife and her issue a comfortable maintenance and support, &c., and for the further consideration of ten dollars, to me paid by Theodore J. Cannon, at and before the sealing and delivery of this deed, have granted, bargained, sold, and released, and by these presents do grant, bargain, sell, and release, unto the said Theodore J. Cannon all that plantation and tract of land containing four hundred and twenty acres, more or less. * * * Also the following named slaves, to wit: * * * To have and to hold the said land and slaves, and the future issue and increase of the said slaves, to the said Theodore J. Cannon and his heirs forever.

In the trust and confidence, nevertheless, that the said Theodore J. Cannon, and his heirs, shall stand seized of the said lands, and hold the said slaves and their increase, subject to and for the following uses and purposes, trusts, and remainders; that is to say, after the full payment and satisfaction of all my just debts, the said trustee and his heirs shall suffer me to receive the income of said property, or to use and possess the said property during my natural life, the annual income of said property thus received to be appropriated by me to the support and maintenance of my said wife and her issue, either now living or which may hereafter be born, and to the education of said issue, free from the future debts, contracts, and liabilities of myself and said wife; if my said wife shall survive me, and at my death there shall be living issue of my said wife by me, then the said property shall be held as to one moiety to the sole and separate use of my wife for life, and as to the other moiety to the use of such issue and their heirs forever. * * * The said Theodore J. Cannon and his heirs shall hold said property in the further trust and confidence, that upon the joint request in writing of myself and wife, or upon the request of the survivor, the said Theodore J. Cannon and his heirs shall sell the whole or any part of the said property, and invest the proceeds in other property, either real or slaves; and the property so purchased shall be held subject to the same uses and trusts, limitations and restrictions, as are herein expressed of and concerning that which is hereby conveyed, and on such sale the purchaser shall not be responsible for the proper application or investment of the proceeds of sale; also that the said Theodore J. Cannon and his heirs, upon the joint request in writing of myself and wife, shall convey by deed, in proper form, the whole of the property hereby conveyed to such other person or persons as myself and said wife may nominate and appoint, as a trustee or trustees, in the stead of the said Theodore J. Cannon and his heirs, and such

substituted trustee or trustees shall have the same rights, powers, duties, &c., as are hereby vested in the said Theodore J. Cannon and his heirs.

In testimony whereof, I have hereunto set my hand and seal this the 28th day of December, in the year of our Lord eighteen hundred and fifty-eight, and in the 83d year of American independence.

The Circuit decree was as follows:

The defence is that John has no estate subject to levy and sale under the terms of the deed, the legal title being alone in the trustee. The deed provides, among other things, that "if my said wife shall survive me, and at my death there shall be living issue of my said wife by me, then the said property shall be held as to one moiety to the sole and separate use of my wife for life, and, as to the other moiety, to the use of such issue and their heirs forever." Now, the donor did die leaving him surviving his wife, Josephine, and their issue, two sons, John and James. In these two sons, upon the death of their father, one moiety of the land vested absolutely in fee—that is, to them and their heirs forever, according to my interpretation of the deed.

What duty has the trustee to perform in and about this moiety? If there was any contingency about these respective interests during the life-time of the father, there has been none since his death. At any time since their father's death in 1863, these sons could have demanded that their shares be set apart in severalty, free and discharged of the trusts of the deed. By silent operation of law, the fee, *eo instanti* the death of the father, passed from the trustee into them, severing their estate from that of the mother. The interest of John became subject to levy and sale. No duty of the trustee, no scheme of the trust, no right, title, or estate of the trustee, could be invaded by a transfer of his interest and a severance by partition. We hold that ever since 1863 he has had a right to enjoy his share in severalty and in fee, and that the plaintiff has become lawfully vested of this estate and is entitled to partition.

To Josephine B. Norwood, or to her trustee, must be allotted the one moiety to be held under the terms of the deed, and of the other moiety the one-half will be allotted in fee to the defendant, J. Maxey Timmons, and the other half to the plaintiff, as

the purchaser of John's interest. And it is so ordered, adjudged, and decreed. Whether the plaintiff upon the death of Mrs. Norwood will have a share in her moiety, cannot now be determined, but that question is for the future.

But I will not order the writ in partition to issue in the absence of a trustee to represent the legal title to the moiety of Mrs. Josephine Norwood. The defendants, in their answer, insist that the trustee is a necessary party to the action, and in this I concur. The legal title of the trustee, T. J. Cannon, who is now deceased, so far as the widow's share goes, is vested in his oldest male heir, who should be made a party defendant, in order that the partition shall be final and conclusive on all concerned. Let the living eldest male heir of T. J. Cannon be made a party defendant, and the final judgment be till then left open.

*Messrs. Johnson & Johnson*, for appellants.

*Mr. C. A. Woods*, contra.

November 22, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff demanded judgment below that a certain tract of land, situate in Marion County, and described in the complaint, be partitioned between himself and the defendant, James Maxey Timmons, the plaintiff claiming three-fourths during the life-time of the defendant, Josephine B. Norwood, and one-half in fee as purchaser of the interests of the said Josephine and of the interest of defendant, John M. Timmons, and alleging that James Maxey Timmons was entitled to the remaining fourth of life interest of Josephine, and to one-half in fee after the death of the said Josephine, and he prayed partition according to their said respective rights. The rights of the parties depended upon the construction of a certain deed set out in the "Case," executed by one J. Morgan Timmons, now deceased, in 1858, who was the husband of the defendant, Josephine, and the father of the two Timmons, defendants. This deed conveyed the land upon certain trusts to one Cannon, for the use of the said Josephine, and to the issue of the said J. Morgan Timmons and of his wife, the said Josephine.

The plaintiff alleged in his complaint that the defendant, J. M. Timmons, had become the purchaser of the interest of his mother, the said Josephine, and that afterwards the interest of the said J. M. Timmons had been sold at sheriff's sale, at which he, the plaintiff, was purchaser; and, as stated, the action below was instituted for partition, the plaintiff claiming, as above mentioned, the interest of the said Josephine and of the said John M. Timmons. Purvis, the other defendant, was tenant of the other parties, and was made a party on that account. It appeared in the progress of the case, that John M. Timmons had never purchased the interest of his mother; the claim of the plaintiff, therefore, to that extent had no foundation. It was not denied, however, that the individual interest of John M. Timmons had been levied upon and sold to the plaintiff, but whether this was such an interest as could be levied upon and sold, was one of the questions in the case. It further appeared that the trustee, Cannon, was dead and his heir at law was not made a party.

The Circuit Judge construed the deed, adjudging that Josephine was entitled to one moiety to be held under the terms of the deed for her use, and that the other moiety belonged in fee, one-half to James Maxey, and the other half to J. M. Timmons, which latter interest had passed to the plaintiff at the sheriff's sale, this interest being, in his opinion, a leviable interest and passing under said sale; but whether the plaintiff, upon the death of Josephine, would have a share in her moiety under his purchase, he held could not now be determined, as this depended upon future developments. The Circuit Judge, however, declined to order the partition, holding, as he did, that the legal title of Josephine in the land had vested in the trustee under the deed, who being dead, this title was now in his oldest male heir, who should be made a party defendant, in order that the partition should be final and conclusive. He therefore suspended final judgment until the eldest male heir of T. J. Cannon, the deceased trustee, be made a party, and left the case standing in that condition.

The defendants appealed upon two grounds: 1st. Because his honor erred in holding that the defendant, John M. Timmons, had an estate in the said tract of land subject to levy and sale

under the terms of the deed, and that the legal title was not in the trustee.    2d.  Because his honor erred in hearing and deciding the case upon its merits before the trustee was made a party to the action.   Since the hearing below, the eldest male heir of Cannon, the trustee deceased, has become a party, and has consented, upon the record. that the case may be heard here upon its merits, thereby waiving the second ground of appeal above.   The only question, then, before us is the character of the estate of John M. Timmons in the land in question.

First, was the trust executed and has the legal title to one moiety of the land passed by operation of the statute to John M. and his brother ?   The Circuit Judge so held, and therefore adjudged that the plaintiff being the purchaser at sheriff's sale of the interest of John M. was entitled to partition.   It has been frequently held that where the trustee has any duty to perform, to the complete performance of which it is necessary that the legal title shall remain in him, the statute does not apply.   On the other hand, where the trustee is charged with no duty in reference to the property conveyed, there the statute does apply and silently passes the title through the trustee to the *cestui que trust*, or, to be more accurate, to the grantee.   *McNish* v. *Guerard*, 4 *Strob. Eq.*, 74 ;  *Bristow* v. *McCall*, 16 *S. C.*, 546.

Now, was there anything here for the trustee to do in reference to the interests of John M. Timmons and James Maxey Timmons ?   We see nothing.   Under the deed, the property conveyed was to be held in trust during the life of the grantor, for the support and maintenance of his wife and her issue, the grantor to be allowed by the trustee to receive and appropriate the income to that end.   During this time, there being something for the trustee to do, the statute did not apply.   But the deed further provided that, upon the death of the grantor, if his wife survived him and there should also be issue surviving at his death, then the said property should be held as to one moiety to the sole and separate use of his wife for life, and as to the other moiety to the use of such issue and their heirs forever.   The grantor died leaving his wife surviving and also his two sons, the defendants, John M. and James Maxey.   Now, if there was no other

provision in the deed except as stated above, it could not be doubted, but that upon the death of the grantor the two sons took a vested legal interest in one moiety of the property, the other moiety being still held by the trustee for the use of their mother during her life, and the interest of John M. in said first moiety having been levied upon and sold by the sheriff, and purchased by the plaintiff, the said plaintiff would be entitled to have that interest set apart to him.

There is, however, another provision in the deed. In a proviso thereto it is stated, "that the trustee, Theodore J. Cannon, and his heirs shall hold said property in the further trust and confidence that upon the joint request in writing of myself and wife, or upon the request of the survivor, the said Theodore J. Cannon and his heirs shall sell the whole or any part of said property." Under this proviso appellants claim that the legal title to the whole property has remained in the trustee so as to enable him to make sale thereof, in the event that a request in writing to that effect should be made by the grantor and his wife or the survivor of them—the appellants contending that in such an event there would be a duty devolving upon the trustee, in reference to the property, and consequently preventing the operation of the statute.

This would be conclusive in favor of the appellants, if the proviso above applied to the interests of John M. and James Maxey. But does it thus apply? Whether it does or not, is a matter of intention to be ascertained by a construction of the entire deed. The deed is somewhat peculiar in the fact that it conveys different interests to the same parties according to circumstances arising at different times. In the first place, and during the life of the grantor, the whole property was to be held in trust, the income thereof to be appropriated by the grantor himself for the support and maintenance of his wife and her then issue. Second, upon his death, his wife surviving, and issue surviving, one moiety was to be held in trust for the use of his wife and the other moiety for the issue; but in case there was no issue surviving, then the whole of the property to be held for the sole and separate use of the wife for life. And then after several other grants, conditioned upon the above failing, follows a general

proviso in which among others is included the one mentioned above, to wit : that the property might be sold by the trustee upon the joint request of the grantor and his wife or upon the request of the survivor.

During the life of the grantor he was to have control of the entire income of the ~~~~~~~~ ~~~~~ be used by him in the support and maintenance of his wife and children, and the education of said children, and it was not unreasonable that he should attach thereto the proviso in question, permitting him and his wife to change the property if found necessary, subject to be reinvested for the same purposes as expressed in the original deed. Up to his death the interest of the issue, other than support and maintenance, was contingent, and the proviso could in no way therefore affect them. Upon the death, however, of the grantor, the interest of the wife and the issue was separated by the terms of the deed, the wife being entitled to the use and benefit of one moiety for life and the other moiety to go to the issue in fee. The grantor died without making any request jointly with his wife for the sale of the property or any portion thereof, and for the reinvestment of the proceeds, and therefore it is no longer possible for such joint request to be made ; and although it is true, the proviso empowered the survivor to make such request, yet it would be utterly inconsistent with the vested interests of the issue in the moiety to which they became entitled at the death of their father (the grantor) to suppose that this power extended to said interest.

Doubtless the widow by request might have the moiety of which she is still the *cestui que trust* sold and the proceeds reinvested, but she has no power over the moiety of the issue. That moiety, by operation of the statute, passed at the death of the grantor to said issue, investing them with the fee discharged of all trust.

It is the judgment of this court, that so much of the judgment below as has adjudged that to Josephine B. Norwood, or her trustee, one moiety must be allotted to be held under the terms of the deed, and the other moiety the one-half in fee to the plaintiff as the purchaser of John M. Timmons's interest, and the other half in fee to the defendant, James Maxey Timmons, be

affirmed, and that the case be remanded so that the partition sought may be had according to their rights herein above.