## DAVIS v. TOWNSEND.

1. Is the covenant for further assurances embraced in the general warranty in the deed of conveyance prescribed by our statute?

2. Where land is conveyed to a trustee in trust "for the sole and separate use" of a married woman, it may be that the trust will be executed under the operations of the statute of uses and the Constitution of 1868, but it will not be executed where there is the further trust to hold "upon trusts and limitations hereafter to be by him [the trustee] declared," even though no such further trusts are ever declared. In such case the trustee takes the legal estate, and the married woman no estate at all.

3. Where land of a husband is sold by the sheriff during coverture, and the purchaser conveys it to a trustee in fee in trust for the wife of the judgment debtor, there is no such merger of legal estates as will destroy the wife's inchoate right of dower (which is not an estate); but her right remains unaffected. This case distinguished from *Youmans* v. *Wagener & Co.*, 30 S. C., 302.

4. Where one conveys a tract of land in which a married woman has an inchoate right of dower, to a trustee in trust for such married woman, with the usual covenants of warranty, and the vendor takes a mortgage with general warranty from the trustee to secure the purchase money, which mortgage is afterwards foreclosed under a proceeding to which the married woman, during her husband's life-time, is a party defendant, without any assertion on her part of her dower right, she is not estopped from afterwards claiming her dower from the purchaser at the foreclosure sale, either by the covenants in the deed and mortgage, or by her possession under the trust deed, or by the decree of foreclosure.

Before WITHERSPOON, J., Barnwell, March, 1889.

Petition in the Probate Court by Alphea Davis, widow of James L. Davis, against Mrs. H. F. Townsend, for dower, was granted, and on appeal to the Circuit Court the decree of the Probate Court was affirmed. Defendant appealed. The opinion states the case.

*Mr. W. H. Townsend,* for appellant.

*Messrs. Croft & Chafee,* contra.

February 19, 1890. The opinion of the court was delivered by

Mr. Justice McIver. This was a proceeding originally instituted in the Court of Probate, and carried thence by appeal to the Court of Common Pleas, whereby the demandant claimed dower in a tract of land in the possession of and claimed by the defendant. The facts necessary for a proper understanding of the questions raised by this appeal are substantially as follows : James L. Davis, the husband of demandant, was seized during coverture of the said tract of land, and the same was sold by the sheriff on the 4th May, 1868, under a judgment recovered against him, and bid off by the judgment creditors, Adams, Frost & Co., who subsequently transferred their bid to John J. Maher, to whom the sheriff made titles on the 28th December, 1868. On the same day Maher conveyed the land to S. S. Evans, as trustee for plaintiff, in consideration of the sum of fifteen hundred and nineteen dollars and six cents, secured to him by the bond and mortgage on said land of said Evans. This bond and mortgage were subsequently transferred to the defendant, who instituted proceedings for foreclosure, to which the plaintiff was made a party, though no money judgment was asked against her, and no mention was made in the complaint as to her inchoate right of dower. Under these proceedings the land was sold in October, 1886, and bought by defendant. Some time after this sale demandant's husband died, and soon thereafter this proceeding for dower was commenced.

It seems that even after the sale by the sheriff, Davis and his wife remained in possession of the land, though there is testimony tending to show that after the deed to Evans, as trustee, was

8 -32

made, Davis held possession as the agent of his wife, and that upon one occasion at least, the wife gave a lien on the crops for advances. The conveyance from Maher to the trustee, Evans, contained apt and proper terms to vest in him the fee, and the trusts declared were "to hold the same for her (demandant's) sole and separate use, and otherwise upon trusts and limitations hereafter to be by him declared." This conveyance also contained the five covenants usually inserted by English conveyancers in a convcyance in fee simple, all of which, except perhaps the last—the covenant for further assurances—are really embraced in the general warranty in the form of conveyance prescribed by our act of 1795. *Jeter* v. *Glenn,* 9 Rich., 374. The mortgage from Evans, trustee, to Maher to secure the payment of the purchase money also contained the usual general warranty.

Upon this state of facts the Circuit Judge held that demandant was entitled to dower, and rendered judgment affirming the decree of the judge of probate to that effect. From this judgment defendant appeals upon the several grounds elaborately set out in the record, but which need not be repeated here; for we think that the controlling questions in the case are those considered by the Circuit Judge, viz.: 1st. Whether demandant's right of dower was destroyed by merger. 2nd. Whether such right was lost by estoppel.

There can be no doubt that the doctrine of merger, technically, cannot apply, because the inchoate right of dower is not an estate (*Shell* v. *Duncan,* 31 S. C., 547, and the authorities there cited); and before such right became an estate by the death of the husband, all the interest, whatever it might have been, which demandant took under the trust deed was lost by the sale for foreclosure under the purchase money mortgage. It is contended, however, that, under the case of *Youmans* v. *Wagener* (30 S. C., 302), while there was technically no merger, yet the principle upon which that doctrine rests applies to this case, and operates a destruction of the inchoate right of dower. That case differs materially from this case. There the wife received a conveyance vesting in her absolutely a fee simple estate, which, of course, was entirely inconsistent with a mere inchoate right of dower in the same land, and hence when she conveyed the estate

thus vested in her to Wagener, such conveyance carried to him every right and interest which she had in the land. It would be an anomaly to say that while holding an absolute fee simple title she could also hold a mere inchoate right of dower in the same land; and when she conveyed the fee—the highest and largest estate or interest which one can hold in land—to Wagener, there could have been nothing left in her, and hence, as was held in that case, her inchoate right of dower was gone. In this case, however, according to our construction of the trust deed, the demandant never held the fee, nor, indeed, any lesser legal estate in the land, out of which dower is now claimed, and therefore neither the point decided in *Youmans* v. *Wagener*, nor the reasoning upon which it rests, can be applied to the present case.

Here the fee was undoubtedly in form conveyed to the trustee, and we do not think the terms of the trust are such as would bring it within the operation of the statute of uses. The rule is well settled that where there is anything for the trustee to do, which renders it necessary for the legal estate to remain in him, the statute will not apply. *Ayer* v. *Ritter*, 29 S. C., 135, and the cases there cited. Here the legal estate was vested in the trustee not simply for the sole and separate use of a married woman (which, possibly since the adoption of the Constitution of 1868, might not be sufficient to prevent the operation of the statute of uses, though it is not difficult to conceive that a trust might be created for the purpose of putting it beyond the power of a married woman to dispose of property intended for her support and benefit, by yielding to the importunities of a thriftless or improvident husband); but the trustee is also to hold upon such further trusts and limitations as might afterwards be declared by him; and to do this it was clearly necessary that the legal estate should remain in him. The fact that no further trusts or limitations were ever declared by him, probably for the reason that until the purchase money was paid it would have been nugatory to do so, cannot affect the question. He was invested with the legal estate for that purpose, and until it was accomplished, the statute could not execute the use. He was not the mere donee of a power, but the grantee of an estate, and hence the ingenious argument of appellant's counsel does not apply. Inasmuch,

therefore, as the demandant was never invested with any legal estate of any kind in the land out of which dower is now claimed, we are unable to perceive how the inchoate right of dower was destroyed either by merger or upon the principle on which that doctrine rests. When, therefore, by the death of demandant's husband her inchoate right of dower became a vested legal estate, she would be entitled to recover unless she had been estopped.

We come, then, to the question of estoppel. The fact that the demandant was made a party to the action for the foreclosure of the mortgage, under which the defendant claims, could not estop her from now setting up her claim of dower. She was not and possibly could not have been made a party as doweress, her right then being only inchoate, and nothing was said therein in reference to her dower. She was probably made a party simply because she was one of the persons in possession of the mortgaged premises. Under such circumstances she would not be estopped from asserting her claim after her inchoate right had become a vested estate by the death of her husband. 1 *Wash. Real Prop.*, 238 (3rd edit.); 2 *Scrib. Dower*, 278; *Pom. Rem.*, § 343.

We are unable to see how demandant is estopped by the covenants in the deed from Maher to the trustee, or by the general warranty in the mortgage, as she was no party to these instruments and cannot be affected by the covenants therein contained. Nor do we see how her going into possession of the land under the terms of the trust deed can be regarded as such an acceptance of an estate as would be inconsistent with her inchoate right of dower. When the land of her husband was sold at sheriff's sale, nothing was sold except his right, title, and interest, which, of course, was subject to her inchoate right of dower. That was all the purchaser at that sale could acquire, and that was all he could convey to the trustee, and hence the mortgage of the trustee could cover nothing more, and consequently the defendant who purchased under that mortgage took title subject to demandant's inchoate right of dower.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.