## BOYD v. MUNRO.

1. When a motion for new trial on the ground of after discovered evidence is refused on a legal ground, the order of refusal is appealable.
2. A written acknowledgment by A that B owns one-half interest in the notes, &c., of certain firms, "any part thereof collected and used by me to bear interest from date of collection," does not constitute A a technical trustee, and so prevent the currency of the statute of limitations in A's favor as to moneys collected on such notes, &c.
3. Where an administrator puts certain notes payable to a firm of which his intestate was a member on his inventory as a part of the individual estate of his intestate, and files such inventory in the probate judge's office, it is a disavowal of any trust which affected intestate, and from that date the statute of limitations began to run.
4. The survivor of a firm is entitled to the possession of the choses in action and assets of the firm. Failing to demand them from the administrator of the deceased partner, his action will be barred at the expiration of the statutory period.
5. The statute having commenced to run against the surviving party to a written paper, having knowledge of its terms and of his rights thereunder, his death does not arrest the currency of the statute, even though his administrator was ignorant of such written paper.
6. A new trial on the ground of after discovered evidence to prove a

claim which is barred by the statute of limitations, was properly refused.

Before HUDSON, J., Union, March, 1889.

Action by M. P. Boyd, as administrator of P. H. Keenan, deceased, against William Munro, administrator of William J. Keenan, deceased. The opinion states the case.

*Mr. Stanyarne Wilson,* for appellant.

*Mr. R. W. Shand,* contra.

March 8, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. Prior to 1863, Wm. J. Keenan and P. H. Keenan, together with another brother, James Keenan, were partners in trade, under different names and styles, and all these partnerships were dissolved in 1864. James Keenan died in February, 1865, and on the 17th of November, 1867, W. J. Keenan died, and in March, 1868, the defendant administered on his estate. Finally the last surviving brother, P. H. Keenan, died in June, 1869, and letters of administration upon his estate were duly granted to the plaintiff in September, 1869. After the several partnerships were dissolved, the most, though not all, of the assets belonging to the several firms, went into the hands of W. J. Keenan, who placed them in the hands of the defendant, Wm. Munro, as his attorney, for collection, but a considerable portion of said assets seem to have gone into the hands of P. H. Keenan. Soon after the defendant had administered on the estate of W. J. Keenan, he made and filed in the proper office an inventory of the personal property of his intestate, including therein the assets nominally due to the several partnerships which had been placed in his hands as attorney by W. J. Keenan during his life-time.

On the 24th of November, 1885, this action was commenced, the plaintiff alleging that his intestate, P. H. Keenan, was entitled to a one-third interest in all of the partnership assets which had gone into the hands of W. J. Keenan, and demanding judgment that the defendant, as his administrator, should account to

him for the same. The referee, to whom the issues were referred, found as matter of fact that there had been a division of the partnership assets before the death of W. J. Keenan, and hence that plaintiff, as administrator of P. H. Keenan, had no right to demand an account from the defendant, as administrator of W. J. Keenan, of such assets; and he also found as matter of law, that the claim of the plaintiff was barred by the statute of limitations. Upon this report and the exceptions thereto, the case was heard by his honor, Judge Kershaw, who, on the 6th of December, 1888, rendered a decree overruling the exceptions, confirming the referee's report, and dismissing the complaint. From this decree there was no appeal.

On the 6th of March. 1889, the plaintiff made a motion before his honor, Judge Hudson, "for an order setting aside and vacating the decree of his honor, Judge J. B. Kershaw, filed herein on the      day of      , 1888, and for a new trial in said case, and for such other and further relief as may be just and proper." This motion was based upon certain affidavits, set out in the "Case," to the effect that since the rendition of Judge Kershaw's decree, a paper had been discovered, of which the following is a copy:

"UNIONVILLE, S. C., 9 Nov., 1867.

"P. H. Keenan owns one-half interest in the notes, accounts, and judgments of Keenan Brothers—J. & P. Keenan, P. H. Keenan & Co., and H. D. Whitlock & Co. Any part thereof collected and used by me to bear interest from date of collection.

"(Signed)      W. J. KEENAN."

Judge Hudson held that the paper above copied did not constitute W. J. Keenan a technical trustee, but is simply "an acknowledgment of liability and an obligation to pay money collected with interest. It would only be evidence to sustain the claim made in the complaint, which claim has been adjudged to be barred by the statute of limitations." He therefore refused the motion, and plaintiff appealed upon the several grounds stated in the record, but it is not deemed necessary to make any formal statement of them here.

The motion addressed to his honor, Judge Hudson, was practically a motion for a new trial upon the ground of after discov-

ered evidence; for it is not, and certainly could not be, contended that Judge Hudson had any authority to review the decree of his predecessor. This being the real character of the motion, it is contended on behalf of respondent, that such a motion being addressed largely to the discretion of the Circuit Court, its refusal is not appealable. While this may possibly be true as a general proposition, yet where the motion is refused upon a legal ground which can be shown to be erroneous, then it is appealable. *State* v. *David*, 14 S. C., 428. See, also, *Durant* v. *Philpot*, 16 *Id.*, 116.

It is very obvious from the terms of the order of Judge Hudson, which is set out in the "Case," that, without considering whether the evidence alleged to have been subsequently discovered was in fact so discovered, or whether it would not by due diligence have been discovered in time for use on the former trial, or any other question which might arise under such a motion, rests his conclusion solely upon the ground that the paper alleged to have been discovered would not be sufficient to defeat the plea of the statute of limitations, and as that is a matter of law. the matter is appealable. So that the only question for us to consider is, whether there was error in holding that the paper in question would not be sufficient to defeat the plea of the statute.

We agree with the Circuit Judge that the terms of the paper were not such as would constitute W. J. Keenan a technical trustee. It was simply an admission that certain assets which W. J. Keenan held, and, as one of the partners, had a right to hold, did not belong to him individually, but that his brother, P. H. Keenan, was entitled to a joint interest therein, and a promise, by implication at least, to pay to P. H. Keenan his share of what might be collected thereon, with interest from the time of collection ; and we see no reason why P. H. Keenan could not, under that paper, have brought an action at law to recover his half of what W. J. Keenan may have collected on any one or more of such assets. As is said in *Estes* v. *Stokes* (2 Rich., 134), upon the authority of Chancellor Kent in *Kane* v. *Bloodgood* (7 Johns. Ch., 111), "the trusts intended not to be reached or affected by the statute are those technical and continuing trusts, which are not at all cognizable at law." And as is further said in the same

case: "Every man who receives money to be paid to another, or to be applied to a particular purpose, is to some extent a trustee; but when he fails to perform his undertaking, an action at law will immediately lie, and from that time the statute will commence to run." See, also, *Stroman* v. *O'Cain*, 13 S. C., 103.

But even if the newly discovered paper could be regarded as creating such an express trust as that it could not be affec·ed by the statute of limitations, this would not avail the plaintiff; for it is well settled that even in cases of express technical trusts, where the trustee does an act expressive of an intention to repudiate the trust, the knowledge of which is brought home to the *cestui que trust*, the statute will commence to run from that time. *Fricks* v. *Lewis*, 26 S. C., 237, and the cases therein cited. Now, when the defendant, as far back as 1868, included these partnership assets in the inventory of his intestate's estate, it was a distinct assertion of a claim that they belonged exclusively to the estate of W. J. Keenan, and amounted to a direct repudiation of any trust that may have previously existed; and that this was known to P. H. Keenan can scarcely be doubted from the testimony; but whether actually known to him or not, it was an act done in a public office, open to the inspection of every one, and is therefore notice to all interested persons. To use the lan·guage of Johnston, Ch., in *Payne* v. *Harris* (3 Strob. Eq., 42), and approved in *Pettus* v. *Clawson* (4 Rich. Eq., 101), and in *Long* v. *Cason* (*Ibid.*, 60): "An act done in a public office, open for the inspection of parties interested, must be taken notice of by them."

But more than this: if the assets in question were still partnership assets, as is claimed by plaintiff, then P. H. Keenan, as the last surviving partner, was entitled to the possession and control of them, and it would have been his duty as such survivor to have taken charge of them. But there is not only no evidence that he ever did so, but, on the contrary, he quietly acquiesced in their retention by the defendant, and, so far as appears, never made the slightest claim thereto.

It is said, however, that neither the plaintiff nor the defendant had any knowledge of the paper in question or of the trust created thereby, as alleged, but it is quite certain that P. H. Kee-

nan knew of it, and therefore when the defendant asserted his claim to the assets as the exclusive property of his intestate, by embracing them in the inventory, the statute would have commenced to run against P. H. Keenan, and his death would not have suspended its operation, even though his administrator may have known nothing of it.

We think it clear, therefore, that the alleged subsequently discovered testimony could, in no view of the case, avail the plaintiff, and hence there was no error in refusing the motion for a new trial upon that ground.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.