SHAW v. ROBINSON.

1. DEEDS—CONSTRUCTION.—A deed must be construed according to the intention of the grantor, as disclosed by the instrument as a whole, interpreted in its natural and ordinary sense, technical words receiving their technical signification, unless the context requires a different meaning.

2. LIMITATIONS OF ESTATES—HEIRS OF THE BODY.—A conveyance of land was made to a trustee in 1858 for the sole use and behoof of N., a married woman, and to be kept for her use and the heirs of her body during her life, and then to her heirs, and not subject to the debts or contracts of her

present or any future husband. *Held*, that this deed created a trust to protect a separate estate thereby created for a married woman, *and*, *also*, to keep the estate for N. and "the heirs of her body" (meaning "children," as N. was then living), and then to the heirs of N.

3. IBID.—SHELLEY'S CASE.—The rule in Shelley's case does not apply to this deed, for while there was no duty imposed upon the trustee after the adoption of the Constitution of 1868, and the trust then became executed, yet the limitation being to the heirs of N., while the precedent life estate was in N. and her children (not the same person), this rule has no application.

4. IBID.—IBID.—After the death of N., her sole heir was entitled to recover this land, from the devisee of N., after a conveyance by N. and a reconveyance to her in 1892, before her death.

Before WITHERSPOON, J., Anderson, February, 1894.

Action by Louvinia E. Shaw against R. B. A. Robinson, executor, and Robert P. Robinson, devisee, J. C. Pruitt, tenant, and J. P. Parker, trustee, to recover the land covered by the deed stated in the opinion of this court, commenced May 17, 1893. Plaintiff claimed as sole heir of Nancy Hawkins, and defendant, R. P. Robinson, claimed as devisee of Nancy Hawkins. The date of the attempted conveyance by, and reconveyance to, Mrs. Hawkins of this land is not stated.

*Messrs. Tribble & Prince*, for appellant.

*Mr. H. H. Watkins*, contra.

September 24, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The question presented by this appeal turns upon the proper construction of a deed, executed on the 8th of February, 1858, by Robert Parker, the grand-father of the plaintiff, to Jasper P. Parker, whereby the land in controversy, in consideration of the sum of eight hundred dollars, was conveyed to the latter upon certain trusts declared in said deed, in the following words: "This conveyance is made to the said J. P. Parker for the sole use and behoof as trustee for Nancy Hawkins, my daughter, the trustee accounting to my estate out of the share that my daughter, Nancy Hawkins, would be entitled to, the sum of eight hundred dollars, as above stated. And said tract of land to be kept for her

use, and the heirs of her body, in trust to my son, Jasper P. Parker, during her life, and then to her heirs, and not subject to the debts and contracts of Andrew C. Hawkins, or any future husband she may have." It is admitted that Nancy Hawkins, during her lifetime, and after birth of issue, the present plaintiff, conveyed the land to her sister, Tamantha A. Robinson, in fee simple, who immediately reconveyed the same in fee to the said Nancy Hawkins. This was done,. probably, upon the theory that said Nancy Hawkins took an estate in fee conditional under the deed from her father, with a view to vest the fee in her, so that she might dispose of the same by will. At all events, soon after this transaction, the said Nancy Hawkins made her will, whereby she gave to the defendant, R. B. A. Robinson, "the use, income, and possession of her land for the year 1893, except certain patches which she willed to the defendant, John C. Pruett," and in the ninth clause of her will, devised the land in controversy to her nephew, the defendant, Robert Parker Robinson, the son of her said sister, Tamantha Robinson. On the        day of April, 1893, Nancy Hawkins died, leaving her only child as her sole heir at law, the plaintiff herein, and her will having been duly admitted to probate, the defendants took possession of the land, and this action has been brought by the plaintiff to recover possession of the same, as well as damages for the use and occupation of the premises.

The defendant, John C. Pruitt, did not answer, and the trustee, Jasper P. Parker, filed a formal answer, admitting the allegations of the complaint, and disclaiming any personal interest in the land. The other two defendants demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The Circuit Judge, after setting out the clause of the deed from Robert Parker to Jasper P. Parker, above copied, sustained the demurrer upon the ground that the plaintiff "did not take a vested remainder under the said deed."

The plaintiff appeals upon the several grounds set out in the record, which need not be repeated here, as the whole case turns upon the inquiry, what estate Nancy Hawkins took

under the deed from her father. To determine this question, it is necessary to examine carefully the terms of this very inartistic deed, with a view to ascertain, if possible, what was the intention of the grantor, which, when ascertained, must be carried into effect, unless in conflict with some settled rule of law. In pursuing this inquiry, it is necessary that the whole instrument should be considered, and effect must, if practicable, be given to every clause and word in it. Again, the language of the instrument must be interpreted in its natural and ordinary sense, and where technical words are used, they must receive their technical signification, unless the context requires that some other interpretation should be given to such words. These principles of interpretation and construction are too well settled to need the citation of any authority to support them, and, therefore, we will proceed to inquire, in the light of these principles, what is the proper interpretation to be given to the words used in the deed, and what is the proper construction of the language, thus interpreted, as used by the grantor.

It will be observed that this deed was executed some time prior to the adoption of the present Constitution, and if the object of the grantor was to create a separate estate in his daughter, who appears from the terms of the deed to have been then a married woman, such object, under the law as it then stood, could best be accomplished by the appointment of a trustee to hold such estate for the sole and separate use of the married woman, free from the debts and contracts of her husband. That this was one of the objects intended to be accomplished by the grantor is manifest from the most casual inspection of the terms of the deed. But the important inquiry is, was this the *sole* object? We cannot think so. If that was the case, then the object would have been fully accomplished if the deed had read in this way: "This conveyance is made to the said J. P. Parker for the sole use and behoof as trustee for Nancy Hawkins, my daughter, and not subject to the debts and contracts of Andrew C. Hawkins, or any future husband she may have." But the deed contains other intervening words as follows: "And said tract of land to

be kept for her use and the heirs of her body, in trust to my son, Jasper P. Parker, during her life and then to her heirs.'' These words must have been inserted for some purpose, and they cannot be discarded without violating one of the fundamental rules of construction. Now what was that purpose?

To answer this question, it is necessary first to determine what is the proper interpretation of the words, ''heirs of her body,'' and ''heirs'' found in the clause under consideration. While these words have a well defined technical signification, they also sometimes have a popular signification, synonymous with the word ''children.'' Inasmuch as Nancy Hawkins was alive at the time this deed was executed, it is very clear that the words ''heirs of her body'' could not have been used in their technical sense in the connection in which they are found, for ''*Nemo est hæres viventis,*'' and, hence, they must have been used in the sense of ''children.'' See *Holeman* v. *Fort,* 3 Strob. Eq., 66; *Bailey* v. *Patterson,* 3 Rich. Eq., 156; *Lott* v. *Thompson,* 36 S. C., 38. But no such reason exists for deflecting the meaning of the word ''heirs'' from its proper technical signification, and hence it must be interpreted in that sense. Under this interpretation of these words, it seems to us that the true intent of the grantor was to make a conveyance to the trustee of the land in question, ''to be kept'' by him for the joint use of Nancy Hawkins and her children during her life, ''and then,'' that is to say, at her death, the estate was to go to her heirs free and discharged from any further trust.

The next inquiry is, whether such intention conflicts with any rule of law which will prevent its being carried into effect? It is earnestly urged that the rule in *Shelley's Case* forbids the execution of such intention, and the question is whether such rule applies to this case. There can be no doubt that, while the rule in that celebrated case may be applied to executed trusts, it does not apply in cases of executory trusts. *Porter* v. *Doby,* 2 Rich. Eq., 49. So that it is necessary to inquire whether the trust in this case was executed by the operation of the statute of uses. The test is whether any duty was imposed upon the trustee which rendered it necessary that he should retain the legal estate in order to en-

able him properly to perform such duty. While it may be
true that up to the time of the adoption of the present Consti-
tution it was necessary for him to retain the legal estate in
order to protect the property from the marital rights of the
husband, such a necessity no longer existed after the adoption
of the present Constitution, as the terms of that instrument.
affords ample protection to the separate estate of the wife. It
seems to us, therefore, that the trust must now be regarded as
executed. So that this deed must now be read as if it con-
tained a direct conveyance of the land in question to Nancy
Hawkins and her children for and during the term of her
natural life, with remainder to her heirs.

Thus reading the deed, it will be observed that while the
precedent life estate is given to Nancy Hawkins and her child-
ren, the remainder is *not* to the heirs of the same persons to
whom the life estate is given, but only to the heirs of Nancy
Hawkins. This forbids the application of the rule in Shelley's
case to this case; for as is said in 2 Washb. Real Estate, book
II., chap. IV., sec. 8, paragraph 8: "The subsequent limita-
tion to the heirs must be to the heirs of the ancestor who takes
the particular estate. Thus where the estate was limited to
the wife for life, remainder to the heirs of the bodies of the
husband and wife, the freehold being in the wife alone, the
limitation over would be a remainder, and their heirs would
take as purchasers." Indeed, the very terms in which the rule
is stated in the original case, as well as in the more extended
statement of the rule in 1 Preston on Estates, both quoted in
*Porter* v. *Doby, supra,* necessarily imply that the rule only ap-
plies where the limitation is to the heirs or heirs of the body of
the *same person* who is named as the first taker.

Without pursuing the discussion of this interesting and
somewhat difficult subject further, it is sufficient for us to say
that, in our opinion, the proper construction of the deed
from Robert Parker to Jasper P. Parker is that the es-
tate thereby conveyed, vested in Nancy Hawkins and
her children for the term of her natural life, with remainder to
her heirs, and that plaintiff being the sole heir, is entitled to
recover possession of the land in controversy, together with

such rents and profits as she may be able to prove on a new trial.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.