BENBOW v. LEVI.

1. TRUSTEE—CESTUI QUE TRUST—TRUSTS—LIMITATION OF ACTIONS—PRESUMPTION.—If a trustee holding the legal title to land allows the statute of limitations to bar an action, or a presumption of a grant to arise, the right of action for the land is barred, and his *cestui que trust* is barred also.

2. IBID.—IBID.—LIMITATION OF ACTIONS—MARRIED WOMEN.—A married woman is bound by the failure of her trustee to sue at the proper time and in the proper manner.

3. IBID.—IBID.—TRUSTS—PLEADINGS.—Where a *cestui que trust*, in her pleadings, alleges that a trustee, who has by his acts disavowed his office as trustee, is or was her trustee, she cannot ask the Court to hold another as her trustee for same time, but is bound by her pleadings.

4. NONSUIT properly granted, because the parties and the land in the two preceding actions were the same.

Before BENET, J., Clarendon, October, 1896. Affirmed.

Action by Frank M. Benbow, trustee, and Ann R. Benbow against David Levi, for possession of a tract of land. Judgment of nonsuit. Plaintiffs appeal.

*Mr. Henry L. B. Wells*, for appellant, cites: *Wife's right of action did not accrue until death of husband, trustee:* 32 S. C., 72. *Defendant stands in same position as trustee:* Spear's Eq., 303. *Trustee cannot defeat rights of cestui que trust:* 2 Story, 630, 493; Newhall, 360; 10 John., 65.

*Messrs. A. Levi* and *Purdy & Reynolds*, contra, cite: *Actions by trustee bind cestui que trust:* Code, 98, sub. 2; 92 N. Y., 76; 118 N. Y., 517; 104 N. Y., 538; 108 N. Y., 282; 40 Hun., 111; 49 Penn., 494; 3 Ves. Jr., 75; 1 Beav., 576; 6 Beav., 567. *Trustee is proper plaintiff:* 8 Taunt., 676; 9 Ala., 351; 2 Bail., 296. *Second action cannot be maintained without payment of costs of first:* 47 S. C., 117; 42 S. C., 489.

July 20, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. On the 1st day of January, 1863, John G. King by his deed conveyed to P. G. Benbow a tract of land, situate in Clarendon County, in this State, and containing 500 acres, more or less, in trust, for his wife and children, in these words: "In trust, for the sole and separate use of Ann R. Benbow during the term of her natural life, or widowhood, and from and after the death or marriage of the said Ann R. Benbow, in trust, for the use of such child or children as may be alive at her death or marriage, until they should arrive at the age of twenty-one years, or should marry, and then to be forever discharged of the trust herein expressed." This deed was duly recorded in the office of the register of mesne conveyance for Clarendon County on the 20th day of February, 1867. In the year 1867, or 1868, the said P. G. Benbow filed his petition for voluntary bankruptcy in the United States District Court for the State of

South Carolina, under the act approved 3d March, 1867, and in his schedule of assets, filed in such proceedings, he included the tract of land above described. The said tract of land was purchased at the sale of said estate of said P. G. Benbow by Henry B. Richardson, at the price of $50; that Henry B. Richardson entered into possession of said lands about 1st January, 1869; that Henry B. Richardson conveyed said lands to E. W. Moise, who, in turn, conveyed them to David Levi; that in 1879 P. G. Benbow, as trustee for his wife and children, brought an action against the said Henry B. Richardson to recover said lands, as trustee under the deed of trust executed by King in 1863, but was nonsuited before Judge Fraser in 1881; that thereafter the said P. G. Benbow, as such trustee, brought his second action, as such trustee, without paying the costs of the first action, and in this action, on the 22d October, 1884, his Honor, Judge Kershaw, because such costs had not been paid, dismissed the complaint; that the said P. G. Benbow departed this life in March, 1895; that Frank M. Benbow was his oldest son. On May 15, 1895, Frank M. Benbow, as trustee, and Mrs. Ann R. Benbow, as plaintiffs, brought an action to recover this tract of 500 acres against the defendant, David Levi, alleging the trust deed, the death of P. G. Benbow, and that the plaintiff, Frank M. Benbow, was his oldest son, upon whom the law devolved the office of trustee, made vacant by the death of P. G. Benbow, and upon whom, as such trustee, the law devolved the legal title to said premises, but that the plaintiff, Ann R. Benbow, has an equitable estate for life in said lands, and that the defendant, David Levi, is in possession of said lands, claiming some interest therein, and unlawfully withholds possession of the same from the plaintiffs. The prayer of the complaint is for possession of said premises, and $500 damages, and for such other and further relief as unto the Court may seem just and proper.

To this complaint David Levi made answer as follows:

The defendant above named, answering the complaint herein, says:

I. For a first defense: That he denies each and every allegation contained in each and every paragraph of the complaint.

II. For a second defense: That neither the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the premises described in the complaint within ten years before the commencement of this action.

III. For a third defense: That at the time of the commencement of this action the defendant was, and still is, seized in fee of the premises described in the complaint, except 109 acres thereof, known as swamp land, which is owned by other parties not connected with this action.

IV. For a fourth defense: That the cause of action as stated in the complaint did not accrue within ten years before the commencement of this action.

V. For a fifth defense: That the defendant, his grantors, and their grantors and ancestors, have held and possessed the premises described in the complaint adversely to the pretended claim of the plaintiff for ten years last past before the commencement of this action.

VI. For a sixth defense: That the defendant, his grantors and their grantors, and ancestors, have held and possessed the premises described in the complaint adversely to the pretended claim of the plaintiff for twenty years last past before the commencement of this action.

VII. For a seventh defense: That the defendant and those under whom he claims entered into possession of the premises described in the complaint under claim of title exclusive of any other right, founding such claim upon a written instrument, as being a conveyance of the premises described in the complaint, and that there has been a continued occupation and possession of said premises included in said instrument by defendant and those under whom he claims for more than ten years preceding the commencement of this action.

VIII. For an eighth defense (same as seventh, except twenty years instead of ten years possession).

IX. For a ninth defense: That the cause of action stated in the complaint did not accrue within twenty years before the commencement of this action.

X. For a tenth defense: That the plaintiff cannot now have or maintain this action.  1. Because P. G. Benbow, the alleged trustee referred to in the complaint, commenced and prosecuted this action in this Court against Henry B. Richardson and others, and that the said action was terminated at the October, 1880, term of this Court, by a judgment of nonsuit against the plaintiff, and that judgment was duly entered thereon by the clerk of this Court, on the 21st day of October, 1884, for the sum of $145.05, the costs of said action, which sum of money is yet unpaid; that the said action was for the recovery of the tract of land described in the complaint, and that said Henry B. Richardson was then in possession thereof, and had been for more than ten years previous thereto in possession of the same, holding it adversely to all the world, claiming the same as his own, and that such claim was fully recognized and acquiesced in by said P. G. Benbow for more than ten years before the commencement of said action, and that said Henry B. Richardson conveyed the said land to E. W. Moise, who thereafter conveyed the same to this defendant, and by reason of the facts so stated, this defendant has succeeded to all the rights which the said Henry B. Richardson and E. W. Moise had against the said P. G. Benbow, trustee. 2. Because the said P. G. Benbow commenced another action, as trustee, against the said Henry B. Richardson and others for the recovery of said land described in the complaint, and that said action was stricken from the dockets of this Court, without objection from the said P. G. Benbow, trustee, and plaintiff, at the October, 1884, term of this Court, and judgment was entered in this Court against the said P. G. Benbow, as trustee, for $65 costs incurred in said action, and that the said sum of money is unpaid; and

in no event can this action be had or maintained, for if the last named action be yet pending in this Court, the second action for the recovery of the possession of the property described in the complaint is pending, and must be determined; and if the last named action has been continued and ended, it is the second and last action permitted by law to be brought, and costs of both actions are unpaid.    3. Because this action was not commenced within two years from the granting of the nonsuit mentioned in the first subdivision of this defense, and was not commenced within two years after the discontinuance of the second action referred to in the second subdivision of this defense.

XI. For an eleventh defense: That this defendant is informed and believes, and upon such information and belief alleges, that no trust was ever created by said deed in contemplation of the parties thereto; that the trust was never accepted and never acted upon, but that (the) premises described in the complaint was the property of P. G. Benbow, mentioned in the complaint; that all parties so interested so treated the said property; that the same was assigned as part of his estate in bankruptcy by the said P. G. Benbow, and was bought at a sale thereof by one of the defendant's grantors, and that the plaintiffs have no interest whatever in the premises.

E. W. Moise having been vouched, without objection, filed the following paper: "And now comes before the Court E. W. Moise, and informs the Court by way of suggestion: 1. That he has been vouched in the cause above stated. 2. That the plaintiff has no legal right to bring this suit, which is the third action brought in this Court to recover the same piece of land described in the complaint, for the benefit of and (in) behalf of the same parties.    (See *Columbia Water Power Company* v. *Columbia Land and Investment Company*, 47 S. C., 117.)    Because the costs of the two former actions have not been paid, and because this action is brought more than two years after the said first action was ended by judgment of nonsuit.    Wherefore, it

is suggested to the Court that the said above-named action should be stricken from the docket of the Court. 3. And this suggestion also informs the Court that he was attorney in the two former suits for defendants, and that no part of his costs have been paid.

Judge Benet passed the following order: "When this case was called for trial, it was suggested to the Court that there has been commenced two actions for the land in dispute, and that the costs of both of said actions were unpaid. Upon hearing the suggestion, it was admitted in open Court that Pinckney G. Benbow, as trustee, has twice brought suit for the land; that the first of said actions was terminated in 1880 by order of nonsuit, and the second in 1884 by an order dismissing the complaint, and all the costs are still unpaid. These actions were against Henry B. Richardson, and his tenants holding under him. Henry B. Richardson conveyed the land to E. W. Moise, who conveyed it to the defendant. Under section 98 of our Code, it is clear that Pinckney G. Benbow, as trustee, could not maintain this action; had he succeeded in the actions brought, the recovery would have been for the benefit of Ann R. Benbow, and the others interested under the trust deed, and the plaintiff here cannot now claim any higher or greater rights than Pinckney G. Benbow could now claim if living. It is, therefore, ordered, that the said complaint be, and the same is hereby, dismissed."

From this decreetal order Ann R. Benbow has appealed on four grounds, as follows: 1. It was error for the Circuit Judge to hold that the two actions brought by the trustee, and nonsuits suffered by him among different parties, barred the rights of Ann R. Benbow, and the case should have gone to trial. 2. That the trust deed having been made previous to the Constitution of 1868, and Ann R. Benbow being the wife of the trustee, she could not bring an action until after the death of her husband, as the legal estate was out of her, and it was error for the Circuit Court to so hold and not go on with the trial. 3. That it appearing from

the pleadings that the trustee had conveyed away the property, thereby disavowing the trusts, he could not afterwards maintain an action against his own grantee, and Ann R. Benbow, his wife, could not complain until then; and if her right of action was then complete, it was a question of law and fact whether she was bound by the statute of limitations, and the case should have gone to the jury and have been passed on by them, and it was error for the presiding Judge not to so hold. 4. That in order for a nonsuit to be a complete bar under the statute, it must be among the same parties as well as for the same land.

We will now pass upon these grounds of appeal in their order. As to the first ground of appeal. By the deed of trust executed in 1863, by John G. King, the legal title to the lands in question was placed in P. G. Benbow, as trustee, for the sole and separate use of Ann R. Benbow, during her life or widowhood, then to her children. One of the duties of a trustee is to hold the legal title, and it is his duty, if any interference is made by any one with lands to which he holds the legal title, to prevent such interference ripening into any rights prejudicial to his *cestui que trust.* He has the power to act. Now, if such trustee, while holding the legal title, in order to protect the lands confided to him, and to recover the same from one who is claiming it against him, and his *cestui que trustent* brings an action against one wrongfully in possession, he is but doing his duty. But once he comes into Court, he can throw about him no sacred shield to protect him and his suit against the rules of pleading and the ordinary risks in every respect, incident to a lawsuit. So, if a statute exists which says, that in case of a nonsuit to an action brought for land, that a second suit must be brought in two years from the date of nonsuit, he must conform to it; and if such statute prescribes as a condition precedent to such second suit that the costs must be paid in the first, why he must comply with the law. And if such trustee brings the second suit and is cast, his right of action in that regard is

gone forever, and his *cestui que trustent* must suffer the consequences.   If an executor, or administrator, or committee of a lunatic, or a guardian of a tender infant has a chose in action properly in his hands belonging to the estate of his *cestui que trust*, and such personal representative allows time enough to elapse from maturity of the chose to bar a recovery thereon, and he brings an action thereon and fails to recover, his right of action is gone, and with his loss of such right so goes that of his *cestui que trust.* · So as to land, if trustees who hold the legal title allow the statute of limitations to bar them, or a presumption of a grant to arise, the right of action for the land is barred and their *cestui que trustent* are barred also.   *Trustees* v. *Jennings*, 40 S. C., 168.   So that when the trustee, P. G. Benbow, as trustee, brought his two actions against Henry C. Richardson for the recovery of this land under this trust deed, and he was cast in both, he could never bring a third action, and his want of such power was shared by his *cestui que trustent. Columbia Water Power Co.* v. *Columbia Land and Investment Co.*, 47 S. C., 117.

As to the second exception.   We cannot see that the fact that Mrs. Ann R. Benbow was under the disability of marriage affects this question.   Legal title was never in her, but it was in her husband.   She had the right to use the lands during life and widowhood.  ˙ She had the right, even as a married woman, to apply to the Court of Equity from 1st January, 1869, to 1st March, 1895, when her husband died, to protect her right to the use of said lands.   It was to recover this power for her that P. G. Benbow brought his two actions against H. B. Richardson. She is bound by his failure.

As to the third exception.   We frankly admit that, for awhile, at least, some members of the Court were inclined to hold that when P. G. Benbow returned this property as his own under bankruptcy proceedings, that he thereby so disavowed his trust that he could not afterwards assert any rights as trustee; and that under *Fa-*

*ber* v. *Police*, 10 S. C., 376, and especially under *Sullivan* v. *Latimer*, 35 S. C., 422, it was under the power of Mrs. Ann R. Benbow to disavow P. G. Benbow as her trustee, and elect to treat Henry B. Richardson at first, then E. W. Moise, and lastly David Levi, as her trustee, for they had purchased the trust lands with full notice of the trusts impressed upon these lands. But, under her complaint in this action, she not only sets up the fact that P. G. Benbow was her trustee all his life from 1863, but that when he died, his office as trustee was devolved upon his oldest son, her coplaintiff, Frank M. Benbow. Now suitors are bound by the solemn statements and admissions in their pleadings. Having elected to treat P. G. Benbow as her trustee from the year 1865 to March 1, 1895, Mrs. Ann S. Benbow cannot escape the legal results that flow therefrom, namely, that she is bound by the two actions began by said P. G. Benbow, as trustee, *v.* Henry B. Richardson, for the recovery of this very tract of land.

The fourth ground of appeal cannot be sustained, as the records introduced in this cause and made a part of the "Case" for appeal show that the same plaintiff, the same defendant, and the same tract of land were involved in the two actions in question.

All the exceptions are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.