## SATCHER v. GRICE.

1. LIMITATION OF ESTATES—WILLS.—Under this will first taker has life estate, and second fee conditional.
2. LIMITATION OF ACTIONS—REAL ESTATE—PRESUMPTION—ADVERSE POSSESSION.—The statute of limitations will run in favor of a stranger against a fee conditional devisee, and without evidence that his possession is in subordination to that of the devisee, it is presumed to be adverse.
3. IBID.—When statute begins to run against a parent, his death will not arrest it in favor of his minor child.
4. IBID.—WILLS—REAL ESTATE.—The statute begins to run against a devisee in favor of a stranger in possession of real estate at death of testator, and not at probate of will.

Before KLUGH, J., Edgefield,                    Affirmed.

Action for possession of real estate by Amos W. Satcher, jr., *et al. v.* Lucretia Grice and Culbreath Grice. From judgment of nonsuit plaintiffs appeal.

*Messrs. Croft & Tillman,* for appellants, cite: *No title in plaintiffs until will is probated, and statute cannot commence to run until right to sue accrues:* 18 S. C., 527; 146 Mass., 155; 1 Pick., 114; 12 Allen, 1; 106 Ind., 118; 94 N. Y., 243; 67 Ala., 173; 27 Id., 74. *Statute will not run against remainderman until death of life tenant:* 16 S. C., 221; 25 S. C., 519. *Title being shown, the law presumes possession within statutory limits:* Code, 101; 25 S. C., 524; 30 S. C., 234, 291; Code, 122; 26 S. C., 237; 29 S. C., 247. *Title can only be acquired by adverse possession, which is question of fact and not presumption of law:* 2 McC., 269; 9 S. C., 399; 7 Rich., 188. *Meaning of "dying without issue:"* 6 Rich., 26, 83; 26 S. C., 464.

*Messrs. Sheppard Bros.,* contra, cite: *Action is barred:* 2 Rich., 22, 111, 485; 3 Strob., 500; Cheves Eq., 61; 3 Hill, 335; 14 S. C., 103; 12 Rich. Eq., 196. *Statute having commenced to run, is not arrested by subsequent disability:* 20

S. C., 52; 3 Rich. Eq., 303. *"Die without issue," means should so die in lifetime of testator:* 7 Rich. Eq., 105. *Limitation to "their issue of their body," void for remoteness:* 13 S. C., 118; Rev. Stat., 1976; 23 S. C., 50; 10 S. C., 56; 46 S. C., 262; Bail. Eq., 49, 391; 2 Rich. Eq., 142; 3 Rich. Eq., 125, 384; 7 Rich. Eq., 105.

Sept. 3, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action to recover the possession of land, and the appeal is from a judgment of nonsuit, based on the ground that plaintiffs' action is barred by the statute of limitations. The plaintiffs claimed title to the land in dispute under the will of their grand-father, Amos W. Satcher, sr., who died in 1842, seized and possessed of the said land. The will was dated January 18th, 1842, but was not probated until in May, 1896, a few days before the commencement of this action. The second clause of the will devised the land to his daughters, Lizzie, Cherry, and Nancy, and the third clause devised the same land to them, "to hold jointly as long as they live, and should either die without issue, their part to go to the other, and at their death to their brothers and sisters, and to their issues of their body." Lizzie and Nancy died previous to 1860, without issue. Cherry married Eldred S. Grice, and died without issue in 1871, in possession of the land. Eldred S. Grice remained in possession until his death in 1895. Some time after the death of his first wife, Cherry, Eldred S. Grice married the defendant, Lucretia Grice, who, with her son and codefendant, have been in possession since his death. The plaintiffs are the children or issue of Ira H. Satcher, Henry Satcher, and Lois Watson, who were children of the testator. These brothers and sister of Cherry were living at the time of her death in 1871.

Under this will Cherry took a life estate in the land, and at her death the brothers and sister named took a fee conditional, the words, "and to their issues of their body," being words of inheritance and not of purchase. The

possession of Eldred S. Grice, a stranger to the will, having begun in 1871, and having continued for more than twenty years previous to his death, without any evidence that it was permissive or in subordination to rights of others under the will, is presumed to have been adverse. The statute of limitations, being twenty years at the time of the death of the life tenant, Cherry, commenced to run against the tenants in fee conditional, all of whom were *sui juris* in 1871, whereas the action was not commenced until 1896. It is contended that one of the plaintiffs was a minor when the action was commenced, and that this fact saves the statute. The minor in question was born June 14th, 1875, and the statute had commenced to run against her father, Ira Satcher, under whom she must claim, and could not be arrested by such disability. *Shubrich* v. *Adams*, 20 S. C., 52.

It is further argued, that the statute did not commence to run against plaintiffs until the probate of the will in 1896, at which time, it is alleged, the right of action accrued. It is true that there is no statute in this State limiting the time during which a will may be admitted to probate, and it is true that section 2006, Rev. Stat., 1893, provides that "no devise of real estate shall be admitted as evidence in any case until after probate," &c., but these facts cannot in any way control the operation of the statute of limitations in reference to actions to recover the possession of land. The effect of the probate of a will is to establish the fact that the will has been made according to the form prescribed by statute, or, in other words, to ascertain the original validity of the will. *Burkett* v. *Whittemore*, 36 S. C., 433; 19 Ency. Law, 181. Since the fee cannot be in abeyance, a devisee of land takes under the will directly from the testator immediately on his death. *Crossland* v. *Murdock*, 4 McCord, 217; 19 Ency. Law, 181. Such title, therefore, vests on the death of the testator, and not at the probate of the will. The probate, whenever it occurs, relates back to the death of the testator. The de-

visee's cause of action against a trespasser on the devised land accrues at the time of the trespass. To prevent or arrest the running of the statute, the person entitled to commence an action to recover land must show a disability, as infancy, "*at the time such title shall first descend or accrue.*" Code, sec. 108. In this case, as shown, the right of action accrued on the death of the life tenant, in 1871, to the tenants in fee conditional, the parents of the plaintiffs, then under no disability.

This conclusion renders it unnecessary to consider the other grounds upon which the motion for nonsuit was based.

The judgment of the Circuit Court is affirmed.