7524

## MILTON v. PACE.

TRUST DEED—STATUTE OF USES—STATUTE OF LIMITATIONS—MARRIED WOMEN.—Under the Constitution of 1868 the statute of uses executed the use in a married woman under a trust deed made because of her disability, but the use in remaindermen was not executed. Here the deed was executed before 1868, and while the legal title for life tenant and remaindermen were in the trustee adverse use began, and it is held the statute of limitations then beginning is not arrested by removal of disability of life tenant by Constitution of 1868 and execution of use then. Nor did the removal of trustee from the State before execution of use in life tenant arrest the statute.

MR. JUSTICE WOODS *thinks the statute did not run against the trustee holding the title for the remaindermen during life of life tenant.*

Before GAGE, J., Greenwood, April, 1908. Affirmed.

Action by Alice Milton against Rebecca I. Pace. From judgment for defendant, plaintiff appeals.

*Messrs. J. J. Zachary, J. B. Salley* and *Wm. N. Graydon,* for appellant. *Mr. Salley* cites: *Was trustee holding for remaindermen as well as life tenant:* 32 S. C., 72; 22 S. C., 325; 25 S. C., 519; 36 S. C., 398. *Did statute of uses execute the use:* 4 Rich. Eq., 476; 78 S. C., 153; 10 S. C., 585; 54 S. C., 396, 423; 76 S. C., 486; 32 S. C., 115; 42 S. C., 347; 67 S. C., 121. *Is plaintiff barred by statute:* 25 Cyc., 1227, 1267,1273; Dud. Eq., 120; 2 Fearne on Rem., Sec. 61; 59 S. C., 446, 507; Rich. Eq., 361; 2 Rich. Eq., 259; 16 S. C., 220; 25 S. C., 35, 519; 54 S. C., 399; 45 S. C., 268; 76 S. C., 448. *Will law presume plaintiff barred by deed of feoffment by trustee:* 80 S. C., 330; 78 S. C., 147; Dud. Eq., 121. *Subrogation could not apply as against the plaintiff:* 12 S. C., 479; 18 S. C., 125; 55 S. C., 343.

*Messrs Sheppards, Grier & Park* and *Magill & Magill,* contra. *Messrs. Grier & Park* cite: *Statute executed the*

*use in the life tenant:* 4 Rich. Eq., 479. *Did it execute the use in the married woman:* I Cruise Dig., 412; 10 S. C., 376; 18 S. C., 184; 78 S. C., 143. *Action barred:* 50 S. C., 121; 40 S. C., 168; 78 S. C., 346. *Nothing arrests statute:* 20 S. C., 52; 53 S. C., 128.

This case was first argued at the November term, 1908, before Mr. Chief Justice Pope, and Messrs. Justices Jones and Woods. Mr. Justice Gary being disqualified. Before the case was decided, Mr. Chief Justice Pope resigned and the case was ordered reargued at the November term, 1909. At this hearing Circuit Judge R. C. Watts sat in place of Mr. Justice Gary.

March 30, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action for the recovery of a tract of land in Greenwood County was by consent withdrawn from the jury and submitted to the presiding Judge, Hon George W. Gage, for decision, both sides having moved for the direction of a verdict, conceding that the issue was one of law only upon the undisputed facts. Judge Gage gave judgment for the defendant on the legal issues.

Both parties claim under William J. Lomax, as the common source of title. The plaintiff claims under a deed by William J. Lomax to Warren G. Lomax, as trustee, dated December 3, 1864, and the defendant claims under deeds by William J. Lomax to Thomas J. Ellis, dated October 4, 1866, and November 16, 1866, and adverse possession from 1866 to the present time. Admission is made upon the record "that defendant and those under whom she claims have been in open, notorious and peaceable possession of the lands sued for, claiming to hold the same as the owner thereof adversely to the whole world since the year 1866."

The case turns upon the construction of the trust deed under which plaintiff claims, the operation of the statute of

uses thereon, and whether defendant's possession could be adverse to plaintiff's rights thereunder.

The trust deed, in consideration of love and affection and one dollar, conveyed to Warren G. Lomax certain slaves and land covering the tract in question, "in trust nevertheless for the sole and separate use of his (grantor's) said beloved wife, Elizabeth S. Lomax, during her life, and at her death to vest in his children by the said Elizabeth S. Lomax, who may survive her—if but one child, to that one solely; if more than one, to be divided equally among them, discharged of all trust."

The life tenant, Elizabeth S. Lomax, died in January, 1906, leaving two children, the plaintiff and John R. Lomax, who died intestate a few months after the death of his mother, leaving the plaintiff as his only heir at law and distributee. Plaintiff contends that the trust was executed in the life tenant, that the trustee had no trust with respect to the contingent remaindermen, and that, therefore, the statute of limitations and adverse possession could not run against plaintiff, who was not in a position to maintain an action until the death of the life tenant. The defendant contends that the trusts, being for the sole and separate use of a married woman, and to preserve contingent remainders, were executory, and that the statute of limitations and adverse possession ran against the trustee holding the legal title, and the *cestui que trust*. The Circuit Court sustained the defendant's contention.

While not agreeing fully with all the reasoning of the Circuit Court, we are satisfied his conclusion was correct.

There is no doubt that previous to the Constitution of 1868, a trust for the sole and separate use of a married woman would not be executed by the statute. But since the Constitution of 1868, it is no longer necessary to have a trustee to protect the separate estate of a married woman. Therefore, under the well settled rule that the trustee shall have no greater estate than is commensurate with the trust,

the effect of the Constitution of 1868 was to let in the operation of the statute of uses and execute the use in the married woman. *Davis* v. *Townsend,* 32 S. C., 115, 10 S. E., 837; *Shaw* v. *Robinson,* 42 S. C., 347, 20 S. E., 161; *Kennedy* v. *Colclough,* 67 S. C., 121, 45 S. E., 211.

Under this view we think the use was executed in the life tenant, Elizabeth, not in 1864, when the deed was executed, but in 1868, when the Constitution was adopted. But the life tenant would not be clothed with the legal title to a larger estate than the equitable estate created by the deed, and the trustee would still retain the legal estate in remainder for the preservation of the rights of the contingent remainder. *Young* v. *McNeill,* 78 S. C., 148, 59 S. E., 986.

The statute may execute the use in one and not in another, when the parties hold different interests. *Howard* v. *Henderson,* 18 S. C., 184. In such a case, when the legal title is executed in the life tenant, and the legal title to the remainder is still in the trustee, the statute of limitations and adverse possession may run against the life tenant with respect to the life estate and against the trustee as to the estate in remainder, provided a right of action had accrued in favor of the parties respectively against the party in possession. In *Breeden* v. *Moore,* 82 S. C., 534, a case in which the use was executed in the life tenant, but was executory with respect to contingent remaindermen, the Court held that a grantee entering under the life tenant could not assert adverse possession against the trustee and remaindermen, as the trustee had no right of action against the party in possession during the period of adverse holding. When, however, the trustee may assert his right to possession against the adverse claimant the trustee, and through him the remaindermen, may be defeated by adverse possession under the statute. *Benbow* v. *Levi,* 50 S. C., 120, 27 S. E., 655.

Now the undisputed fact is that Ellis, the predecessor of defendant, went into adverse possession in 1866, at a time

when the whole legal estate was in the trustee, and the trustee had a right of action against the party in adverse possession. It appears that the trustee remained in the county until 1867, when he moved west. The statute of limitations commenced to run when the right of action accrued to the trustee in 1866, and the authorities show that no intervening disability, unless provided by statute, can arrest the statute. *Dillord* v. *Philson,* 5 Strob., 213; *Shubrick* v. *Adams,* 20 S. C., 52; *Duren* v. *Kee,* 26 S. C., 219; *Boyd* v. *Munro,* 32 S. C., 249, 10 S. E., 963; *Satcher* v. *Grice,* 53 S. C., 126, 31 S. E., 3.

The absence of the trustee from the State, after 1867, was not a statutory disability, nor do we discover anything in the statutes which would authorize the Court to say that the execution of the trust in the life tenant, in 1868, would suspend the operation of the statute of limitations. Under this view the conclusion of the Court was correct.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE WOODS, *dissenting.* I am unable to concur in the judgment of affirmance.

The plaintiff claims under a deed from William J. Lomax to Warren G. Lomax, trustee, dated 4th December, 1864. The trust is thus expressed by the grantor in his deed: "in trust nevertheless to the sole and separate use of his beloved wife, Elizabeth S. Lomax, during her life, and at her death to vest in his children by the said Elizabeth S. Lomax, who may survive her—if but one child, to that one solely; if more than one, to be divided equally between them, discharged of all trust." The wife, Elizabeth S. Lomax, died in January, 1906, and the plaintiff is the only child of the grantor by his wife, Elizabeth, who survived herr.

The defendant claims by adverse possession under the deeds by which William J. Lomax, two years after the deed above referred to, undertook to convey the same land to

Thomas J. Ellis, the deeds being dated 14th October, 1866, and 16th November, 1866.

A jury was empanelled, but verdict was waived, both parties agreeing that the issue of title depended on questions of law, and should be decided by the Court. Judge Gage decided the legal issue in favor of the defendant. There was an equitable issue of subrogation which the Court found it unnecessary to decide, and which is not involved in the appeal. The sole question is whether the defense of adverse possession is available to the defendant against the plaintiff, as remaindermen under the trust deed, the life tenant having died only three years ago.

The question will be considered on the assumption most favorable to the defendant, namely, that when the trust deed was executed, the statute did not execute the use with respect either to Mrs. Lomax, the life tenant, or to her surviving child, the contingent remainderman. Under that assumption, the trustee being the holder of the entire legal title, the possession of Ellis, through whom defendant claims, became adverse when he entered in 1866. *Trustees* v. *Jennings,* 40 S. C., 166, 18 S. E., 257, 20 L. R. A., 520n; *Ben bow* v. *Levi,* 50 S. C., 120, 27 S. E., 655; *Pope* v. *Patterson,* 78 S. C., 334, 58 S. E., 945.

As to the life estate, however, the only obstacle to the statute taking effect and vesting the legal title in Mrs. Lomax, the life tenant, was the existence of her disabilities, as a married woman. As shown by the Chief Justice, when the disabilities were removed by the Constitution of 1868, there was no longer any obstacle to the statute taking effect, and the legal title of the life estate vested in Mrs. Lomax, freed from the trust. *Davis* v. *Townsend,* 32 S. C., 115; 10 S. E., 837; *Shaw* v. *Robinson,* 42 S. C., 347, 20 S. E., 161; *Kennedy* v. *Colclough,* 67 S. C., 121, 45 S. E., 139. Manifestly, the mere fact that there was a contingent remainder would not prevent the operation of the statute and the vesting of the legal title to the life estate, and with it the

right of action for the possession in Mrs. Lomax in 1868. For a deed of trust to have that effect there must be an express declaration that the trust is declared for the purpose of preserving the contingent remainder. *Faber* v. *Police,* 10 S. C., 376; *Howard* v. *Henderson,* 18 S. C., 184; Coke on Littleton, 290b, note 8; 2 Perry on Trusts, 523.

Therefore, from the adoption of the Constitution of 1868, the trustee was deprived by law of the legal title to the life estate and of the right to bring any action for the recovery of the possession of the land, during the life of Mrs. Lomax. There can be no doubt of the general rule of law, that when adverse possession under the statute of limitations has once commenced to run, no subsequent disability will stop it. *Boyd* v. *Munro,* 33 S. C., 249; *Satcher* v. *Grice,* 53 S. C., 126, 31 S. E., 3; *Macaw* v. *Crawley,* 59 S. C., 342, 37 S. E., 934. This rule has been applied to subsequent disabilities such as infancy, coverture, and lunacy; but it is important to observe that in all these cases of disability there was capacity to sue through a guardian *ad litem* or next friend. The principle is different and the rule has no application where after the time has begun to run, and before it has expired, a superior power has actually taken away any right of action. Accordingly it has been held that the statute is suspended where war has made the assertion of the right of action impossible. *Ogden* v. *Blackledge,* 2 Cranch., 272; 2 L. Ed., 276; *Hanger* v. *Abbott,* 6 Wall., 532, 18 L. Ed., 939, and note; *Caperton* v. *Bowyer,* 14 Wall., 216, 20 L. Ed., 882; *Ross* v. *Jones,* 22 Wall., 576, 22 L. Ed., 730.

On the same principle our own Courts have held the operation of the statute of limitations to be suspended for the period in which suits were forbidden by stay laws. *Wardlaw* v. *Buzzard,* 15 Rich., 158; *Pegues* v. *Warley,* 14 S. C., 180. This law seems to me clearly applicable here. The trustee had the legal title to the estate and the right of action against trespassers from the date of the deed in 1864. But in 1868, the highest legislative body of the State, by a con-

stitutional provision, in effect took away from him the legal title and with it the right of action, and thus made it impossible for him to bring any action. Under this condition, there was no longer any adverse possession against the trustee, and, therefore, there could be none which would affect the plaintiff as a contingent remainderman. The possession was thereafter adverse, solely against Mrs. Lomax, the life tenant, for neither the trustee nor the contingent remainderment could have any right of action for the recovery of possession until the falling in of her life estate in 1906. Therefore, it seems to me, the plaintiff is entitled to recover, even on the assumption that the statute did not execute the use with respect to the contingent remaindermen.

If it be considered that the statute did not execute the use as to the contingent remainder as soon as the deed was made, although at that time the legal title to the life estate vested in the trustee, because of the coverture of *cestui que trust* for life, then no possession against the trustee at any time could avail to defeat the remainder. And this would be an additional reason for holding the defendant's plea of adverse possession unavailing. But the subject of the effect of the statute of uses on contingent remainders is very abstruse and difficult, and has been left in obscurity by the Courts of England, as well as of this country. It would hardly be profitable to attempt to set forth a solution of the difficulty in a dissenting opinion. I, therefore, rest my dissent on the ground already discussed.